IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-01281-WYD-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SILVA RANCH, a limited liability limited partnership;
CLAUDIA A. SILVA;
DEBRA A. CALDEIRA;
STANLEY W. SILVA, a/k/a WILLY SILVA;
ERNEST J. CALDEIRA;
SILVA RANCH AND CATTLE COMPANY;
MOUNTAIN VIEW ELECTRIC ASSOCIATION, INC.;
JAMES A. MUNDT;
PARAGON FINANCIAL INVESTORS, LLC;
FARMERS STATE BANK OF CALHAN;
TREASURER OF ELBERT COUNTY, COLORADO;
HARMONY LAND AND CATTLE COMPANY; and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER
OF THIS CIVIL ACTION,

      Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion for Summary Judgment Against Defendant Claudia Silva and Defendant Stanley Silva By Plaintiff United States** [Docket No. 66; Filed July 27, 2009] (the "Motion").  Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1C.3., the Motion has been referred to this Court for a recommendation.  The Court, having considered the entire case file and being sufficiently advised, **RECOMMENDS** that the Motion be **GRANTED**.

## I.      Factual and Procedural Background

The Plaintiff seeks to quiet title to an express easement.  It claims that it holds an express non-exclusive easement to a thirty-feet wide strip of land across property it identifies as the Silva Ranch Property.  The Plaintiff brings this action against numerous Defendants, claiming that they have interfered with this property interest.  No Defendant answered the Complaint, and the case has been resolved as to all Defendants except Defendants Claudia Silva and Stanley Silva.[1]  In the instant motion, the Plaintiff seeks summary judgment against these two remaining Defendants as to its First Claim for Relief, which requests that the Court quiet title in and to an express easement.  *See Complaint*, Docket No. 1,  ¶¶ 63-73.  In addition to not filing an Answer, Defendants Claudia and Stanley Silva also failed to respond to the Motion.[2]  In order to resolve the Motion, the Court therefore accepts the Plaintiff's properly supported facts as true.  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

The Plaintiff's evidence demonstrates the following facts.[3]  On or about June 13, 1978, Defendant Ernest J. Caldeira purchased a parcel of land (the "Caldeira Property") from Defendant Silva Ranch and Cattle Company ("Silva Ranch Company").  The grant

---

[1]  The Complaint has been resolved thus: Silva Ranch and Cattle Company [Entry of Default; Docket No. 64]; Silva Ranch, LLC [Entry of Default; Docket No. 62]; Ernest Caldeira [Disclaimer; Docket No. 51]; Debra Caldeira [Disclaimer; Docket No. 50]; Mountain View Electric Association [Disclaimer; Docket No. 19]; James A. Mundt [Disclaimer; Docket No. 35]; Paragon Financial Investors [Disclaimer; Docket No. 42]; Farmers State Bank of Calhan [Entry of Default; Docket No. 65]; Treasurer of Elbert County, Colorado [Stipulation; Docket No. 43]; Harmony Land and Cattle Company [Entry of Default; Docket No. 63]; and Unknown Owners [Entry of Default; Docket No. 57].

[2]  The Court is satisfied, however, that they were served properly.  *See Order to Show Cause*, Docket No. 78; *Response to Order to Show Cause*, Docket No. 79; *Order Discharging Order to Show Cause*, Docket No. 81.

[3]  The deeds referenced herein were accompanied by a declaration affirming their authenticity. *See Declaration of Cheryl A. Dobler*, Docket No. 66, Exhibit 1.

was described in the deed as:

> SW 1/4 of Section 29
> E1/2NW1/4 of Section 32
> Together with a non-exclusive road right
> of way easement over the Westerly 30 feet of
> the E1/2W1/2 of Section 32, All in Township 10 South,
> Range 63 West 6th P.M., County of Elbert, State of Colorado

*Caldeira Warranty Deed*, Docket No. 66, Exhibit 1-B.  The deed was duly recorded.   Prior

to the conveyance, the Caldeira Property was a part of the Silva Ranch Property and the

easement specified crossed that property.

On that same day, June 13, 1978, Caldeira, as grantor, executed a deed of trust

pertaining to the same parcel of land, with the Public Trustee of Elbert County, Colorado,

as the trustee and the Farmers Home Administration, United States Department of

Agriculture, as the beneficiary.  *Deed of Trust*, Docket No. 66, Exhibit 1-C.[4]

On or about October 7, 1985, the Plaintiff obtained the Caldeira Property through

a foreclosure sale.  At that time, the Public Trustee for Elbert County issued a deed to the

Plaintiff, conveying the Caldeira Property to it.  *Public Trustee's Deed*, Docket No. 66,

Exhibit 1-D.   The Public Trustee's Deed contained language identical to the language of

the Caldeira Warranty Deed reproduced above.

On April 4, 2000, Claudia Silva executed a Quitclaim Deed to the Silva Ranch

---

[4]  On the copy of the Deed of Trust provided to the Court, the language describing the grant is partially cut off.  Only the first three lines are readable:
> The Southwest quarter (SW1/4) of Section 29, and
> the East half of the Northwest Quarter (E1/2NW1/4)
> of Section 32 together with nonexclusive road

However, as discussed above, the language later used in the Public Trust Deed is entirely legible and is an exact duplication of the language of the Caldeira Warranty Deed which created the easement. Furthermore, no Defendant has made any filing with the Court disputing the Plaintiff's ownership of the easement.

Property, granting whatever right she may have had in the property to Defendant Silva Ranch, L.L.C ("Silva Ranch LLC").  *Quitclaim Deed*, Docket No. 66, Exhibit 1-E.

According to the Plaintiff, the Silva Ranch Property currently is owned by Defendant Silva Ranch LLC,[5] and Defendants Debra Caldeira, Claudia Silva, and Stanley Silva are the members of Defendant Silva Ranch LLC.  *Complaint*, Docket No. 1, ¶ ¶ 22, 23.  Default has been entered against Silva Ranch LLC [Docket No. 62], and Debra Caldeira has filed a disclaimer of interest in the disputed property [Docket No. 50].  The Plaintiff requests summary judgment to resolve its title dispute with the two other members of the LLC, who allegedly have claimed an interest in the land.[6]  *Complaint*, Docket No. 1, ¶ 70.

## II.    Standard of Review

The purpose of a summary judgment motion is to assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant.  *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986).  A fact is material

---

[5]  It is not clear how Silva Ranch LLC came to be the sole owner of the property, or what happened to the Silva Ranch Company that originally conveyed the land to Ernest Caldeira.

[6]  It is not clear whether these Defendants' alleged interests in the land are based on the LLC's ownership of the Silva Ranch Property or on some other basis.  However, as a quiet title action is brought to determine any adverse claims and resolve any disputes as to title, taking the Complaint's unanswered allegations as true, the Defendants are proper parties to this action.  *See Keith v. Kinney*, 961 P.2d 516, 518-19 (Colo. Ct. App. 1997) (discussing nature of quiet title action and need to include in action all parties claiming interest in property).

4

if it might affect the outcome of the suit pursuant to the governing substantive law. *Id.*

The movant must show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).   When the movant bears the ultimate burden of persuasion at trial, as the United States does here, it must show the absence of a genuine issue of material fact by demonstrating each "element of its claim or defense by sufficient, competent evidence to set forth a prima facie case." *In re Ribozyme Pharm., Inc. Sec. Litig.*, 209 F. Supp.2d 1106, 1111 (D.Colo. 2002).   Once the motion has been properly supported, the burden shifts to the nonmovant to show the existence of a genuine dispute of a material issue. The nonmoving party must go beyond the allegations in its pleading and provide "specific facts showing there is a genuine issue for trial." *Celotex*, 477 U.S. at 324.   To satisfy its burden of providing specific facts, the nonmoving party must tender affidavits or other competent evidence. *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir.1994); Fed.R.Civ.P. 56(e)-(f).

The Court may not grant a motion for summary judgment simply because the nonmovant has failed to respond.   *See Galvin v. McCarthy*, No. 07-cv-885, 2009 WL 890717, at *2 (D. Colo. March 31, 2009) (citing *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003); *Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002)).   The Court must apply the usual Rule 56 analysis and consider whether the moving party has met its burden.   *Id.* (citing *Reed*, 312 F.3d at 1194); *see also* Fed. R. Civ. P. 56(e)(2) (providing that if the opposing party does not respond, summary judgment should be entered if "appropriate").   The Court must "accept as true all material facts asserted and properly supported in the summary judgment motion."   *Id.* at *3 (citing *Reed*, 312 F.3d at 1195).   If,

5

based on those facts, the moving party is entitled to judgment as a matter of law, then it is entitled to summary judgment. *Id.* (citing *Reed*, 312 F.3d at 1195).

The posture of the instant case is unusual, as the Defendants never filed an Answer to the Plaintiff's Complaint and the Plaintiff could have chosen to seek entry of default against the Defendants rather than summary judgment. However, the Court finds the lack of an Answer does not affect the legal standard used by the Court to resolve the Motion.

## III.    Analysis

The Plaintiff asserts that by virtue of its deed to the Caldeira Property, it was granted an express easement to a portion of the Silva Ranch Property, which is used as an access road to the Caldeira Property. Because the Plaintiff has provided sufficient, competent evidence showing that it possesses title to the land interest that it claims, I recommend granting the Plaintiff's motion for summary judgment.

An easement is a right to use the land of another, and it may be established "by necessity; by preexisting use; by express or implied grant; or by prescription." *Wright v. Horse Creek Ranches*, 697 P.2d 384, 387-88 (Colo. 1985) (internal citations omitted). An easement can be either an easement in gross or an easement appurtenant. An easement in gross is a personal right, particular to an individual; an easement appurtenant is a right that runs with the land and "is meant to benefit the property, or an owner by virtue of her property ownership." *Lobato v. Taylor*, 71 P.3d 938, 945 (Colo. 2002). "The property burdened by the easement [appurtenant] is known as the servient estate and the property benefitted by the easement is the dominant estate." *Freeman v. Rost Family Trust*, 973 P.2d 1281, 1284 (Colo. Ct. App. 1999) (citing *Lazy Dog Ranch v. Telluray Ranch Corp.*,

6

965 P.2d 1229, 1234 (Colo. 1998)).

"An easement is created if the owner of the servient estate either enters into a contract or makes a conveyance intended to create a servitude that complies with the Statute of Frauds or an exception to the Statute of Frauds." *Lobato*, 71 P.3d at 950 (citing Restatement (Third) of Property, § 2.1).  In order to determine the existence and extent of an expressly created easement, the court must "examine the instrument conveying that right to determine the parties' intent." *Allen v. Nickerson*, 155 P.3d 595, 600 (Colo. Ct. App. 2006) (citations omitted).

The interpretation of a deed is an issue of law.  *See, e.g.*, *Gilpin Inv. Co. v. Blake*, 712 P.2d 1051, 1053 (Colo. Ct. App. 1985).  The court should construe the deed using the plain language of the document.  *Allen*, 155 P.3d at 600 (citing *Ford v. Summertree Lane*, 56 P.3d 1206 (Colo. Ct. App. 2002)).  When the terms used are not ambiguous, the plain meaning of those terms controls and there is no need for the court to consider extrinsic evidence.  *Bolser v. Bd. of Comm'rs for the County of Gilpin*, 100 P.3d 51, 53 (Colo. Ct. App. 2004).

As evidenced by the deeds provided to the Court by the Plaintiff, the Plaintiff has an express easement appurtenant.  Here, the Silva Ranch Property is the servient estate and the Caldeira Property is the dominant estate.  The Silva Ranch Company conveyed land to Defendant Caldeira in 1978 and in that deed included language creating an express non-exclusive easement which burdened the Silva Ranch Property and benefitted the Caldeira Property.  The grant was in writing and complies with the Statute of Frauds.  The intent of the grantor is clear: the deed creates the easement appurtenant by describing the conveyed estate and adding that it was conveyed "[t]ogether with a non-exclusive road right

7

of way easement." The language of the deed clearly and precisely identifies a thirty-foot strip of land. *See Story v. Bly*, No. 07-CA-2076, 2008 WL 5352405, at *4 (Colo. Ct. App. Dec. 24, 2008) (noting that "[i]f the width, length, and location of an easement for ingress and egress are specifically set forth in the easement grant, its owner has the right to unobstructed passage over the entire area described in the grant."). No other interpretation of the original conveyance is possible. *See also Declaration of John B. Guyton*, Docket No. 66, Exhibit 2 (declaring, as professional land surveyor, that the Caldeira Warranty Deed creates an identifiable easement and attaching a map created based on deed's language).

The Plaintiff has demonstrated that it now holds the deed to the Caldeira Property, including the express easement. *See* 65 Am. Jur. 2d Quieting Title § 74 (noting that plaintiff in quiet title action has "affirmative duty to show that title lies in it, which is not satisfied merely by pointing to a weakness in the defendant's title"). Furthermore, the Defendants did not come forward with any argument or evidence to refute the Plaintiff's claim. *See Miller v. Buyer*, 261 P. 659, 660 (Colo. 1927) (noting that upon filing of an action to quiet title, "each defendant is called upon to come in and set up his claim to the property"). Accordingly, the Plaintiff has met its initial burden, and the Defendants have not demonstrated any genuine issue of material fact. Summary judgment in the Plaintiff's favor is therefore appropriate. Fed. R. Civ. P. 56(e).

## IV.   Conclusion

As set forth above, I respectfully **RECOMMEND** that the **Motion for Summary Judgment Against Defendant Claudia Silva and Defendant Stanley Silva by Plaintiff United States** [#66] be **GRANTED**.

8

IT IS FURTHER **ORDERED** that pursuant to Fed.R.Civ.P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed.R.Civ.P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  December 7, 2009

BY THE COURT:
 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix