IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01281-WYD-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SILVA RANCH, a limited liability limited partnership;
CLAUDIA A. SILVA;
DEBRA A. CALDEIRA;
STANLEY W. SILVA, a/k/a WILLY SILVA;
ERNEST J. CALDEIRA;
SILVA RANCH AND CATTLE COMPANY;
MOUNTAIN VIEW ELECTRIC ASSOCIATION, INC.;
JAMES A. MUNDT;
PARAGON FINANCIAL INVESTORS, LLC;
FARMERS STATE BANK OF CALHAN;
TREASURER OF ELBERT COUNTY, COLORADO;
HARMONY LAND AND CATTLE COMPANY; and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER
OF THIS CIVIL ACTION,

    Defendants.
_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Dismiss the Second Claim for Relief and the Third Claim for Relief Alleged in the Complaint by Plaintiff United States** [Docket No. 88; Filed January 21, 2010] (the "Motion.") The Court, having reviewed the record and being otherwise sufficiently advised, **RECOMMENDS** that the Motion be **GRANTED**.

    Plaintiff brought this action seeking to quiet title in an express easement. At issue was a non-exclusive easement to a thirty-feet wide strip of land, described as:

SW 1/4 of Section 29
E1/2NW1/4 of Section 32
Together with a non-exclusive road right
of way easement over the Westerly 30 feet of
the E1/2W1/2 of Section 32, All in Township 10 South,
Range 63 West 6th P.M., County of Elbert, State of Colorado

*See* Complaint, Docket No. 1. Plaintiff's Complaint stated three claims for relief:

1. To quiet title in and to a non-exclusive road right-of-way easement on, over, across, and through certain real property located in the County of Elbert, State of Colorado; or, in the alternative,

2. To obtain a declaration of an easement by necessity on, over, across, and through certain real property located in the County of Elbert, State of Colorado;

3. To permanently enjoin each named defendant from asserting any claim, right, title, and/or interest in the easement that is adverse to Plaintiff United States' right, title, and/or interest in the easement.

*Id.* ¶ 1, ¶¶ 63-92.

Plaintiff filed a Motion for Summary Judgment in this action [Docket No. 66]. Prior to the filing of Plaintiff's Motion for Summary Judgment, the case had been resolved as to all Defendants except Defendants Claudia Silva and Stanley Silva.[1] Plaintiff's Motion for Summary Judgment requested summary judgment against Defendants Claudia Silva and Stanley Silva as to Plaintiff's first claim for relief, that is, an order quieting title to the express easement. *See Motion for Summary Judgment* [#66] at 3.

On December 7, 2009, this Court entered a Recommendation recommending that

---

[1] The Complaint has been resolved thus: Silva Ranch and Cattle Company [Entry of Default; Docket No. 64]; Silva Ranch, LLC [Entry of Default; Docket No. 62]; Ernest Caldeira [Disclaimer; Docket No. 51]; Debra Caldeira [Disclaimer; Docket No. 50]; Mountain View Electric Association [Disclaimer; Docket No. 19]; James A. Mundt [Disclaimer; Docket No. 35]; Paragon Financial Investors [Disclaimer; Docket No. 42]; Farmers State Bank of Calhan [Entry of Default; Docket No. 65]; Treasurer of Elbert County, Colorado [Stipulation; Docket No. 43]; Harmony Land and Cattle Company [Entry of Default; Docket No. 63]; and Unknown Owners [Entry of Default; Docket No. 57].

Plaintiff's Motion for Summary Judgment be granted [Docket No. 82], which was amended on December 9, 2009 to include reference to the correct period of time in which the parties were allowed to object to the Magistrate Judge's Recommendation [Docket No. 83]. The Court affirmed and adopted the Court's Recommendation, granting Plaintiff's Motion for Summary Judgment and entering summary judgment in favor of the United States of American and against Defendants Claudia Silva and Stanley Silva [Docket No. 84].

In the instant Motion, Plaintiff requests that the Court dismiss the second and third claims, as "[w]ith entry of summary judgment as to the first claim for relief, *i.e.* the quiet title in and to the Expressed Easement, Plaintiff United States has obtained the necessary relief sought by the Complaint." *Motion* [#88] ¶ 21. Plaintiff requests that the second and third claims for relief be dismissed without prejudice. *Id.* ¶¶ 22, 23. No Defendant has responded,[2] and the Court finds no reason why the Motion should not be granted and this case closed and stricken from the Court's active docket.

Accordingly,

I respectfully recommend that Plaintiff's Motion be **GRANTED** and its second and third claims for relief be **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 41(a)(2).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is

---

[2]Plaintiff filed a notice of suggestion of death of Defendant Claudia A. Silva. Plaintiff has no knowledge of the identity of the successor or representative of her estate. *See* Docket No. 86.

assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: March 2, 2010

BY THE COURT:

s/ Kristen L. Mix

U.S. Magistrate Judge

Kristen L. Mix